RHEINGOLD GIUFFRA RUFFO & PLOTKIN, LLP
Thomas P. Giuffra, Esq. (TPG 1274)
(tgiuffra @rheingoldlaw.com)
Attorneys for Plaintiff
551 Fifth Avenue, 29th Fl
New York, NY 10176

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HECTOR SOLIS,<br><br>                    Plaintiff,<br><br>-against-<br><br><br><br><br><br><br><br>MAERSK LINE, LIMITED and the Motor Vessell "MAERSK CHICAGO",  its engines, tackle, apparel and appurtenances, *in rem,*<br><br>                    Defendants. | Civil Action No.:<br><br><br><br>**COMPLAINT**<br><br>**SEAMAN'S CASE UNDER THE JONES ACT OF FOR PERSONAL INJURIES**<br><br>**PLAINTIFF DEMANDS TRIAL BY JURY** |

**SUIT UNDER SPECIAL RULE FOR SEAMEN TO SUE WITHOUT SECURITY OR PREPAYMENT OF FEES FOR THE ENFORCEMENT OF THE LAWS OF THE UNITED STATES, COMMON AND STATUTORY FOR THE PROTECTION OF AND FOR THE HEALTH AND SAFETY OF SEAMEN AT SEA**


Plaintiff, HECTOR SOLIS, residing at 135-04 Jewel Ave, Flushing NY  11367, complaining of Defendants MAERSK LINE, LIMITED and Motor Vessel ("MV") "MAERSK CHICAGO," *in rem*, by his attorneys RHEINGOLD GIUFFRA RUFFO & PLOTKIN, LLP, respectfully alleges upon information and belief as follows:

1

**Jurisdictional & Venue Statement:**

1. This Court has jurisdiction pursuant to the Jones Act, 46 U.S.C § 30104 and the general maritime law of the United States in that plaintiff HECTOR SOLIS was serving as a seaman aboard a vessel in navigable waters and sustained injuries while in the course and scope of his employment at the time of the incident giving rise to this action.

2. Venue is proper in this District pursuant to 45 U.S.C. § 56, as incorporated by the Jones Act, 46 U.S.C. § 30104, inasmuch as defendant MAERSK LINE, LIMITED does business within this District and is authorized to transact business within the State of New Jersey.

3. Additionally, as set forth more fully below, *in rem* defendant M/V "MAERSK CHICAGO" is a United States-registered merchant vessel which is or will be within the navigable waters of the State of New Jersey at Port Newark and/or Elizabeth Marine Terminal at some time during the pendency of this action.

**Parties:**

4. Plaintiff, HECTOR SOLIS is a citizen and resident of the State of New York.

5. At all relevant times, defendant MAERSK LINE, LIMITED was and still is a corporation or other entity organized and existing pursuant to the laws of the State of Delaware authorized to transact business in the State of New Jersey.

6. At all relevant times and continuing to date, vessels owned, operated and controlled by defendant MAERSK LINE, LIMITED regularly and systematically calls at Port Newark and/or Elizabeth Marine Terminal located within the State of New Jersey, deriving substantial revenue therefrom.

7. In particular, at all relevant times, defendant MAERSK LINE, LIMITED owned, operated and controlled at least 20 United States-flagged merchant vessels, including *in rem*

defendant MN "MAERSK CHICAGO," which regularly and systematically call at Port Newark and/or Elizabeth Marine Terminal located within the State of New Jersey, deriving substantial revenue therefrom .

8. *In rem* defendant M N "MAERSK CHICAGO" (IMO: 9332975, MMSI 338408000) is a United States registered merchant vessel 299 meters in length overall, having a gross tonnage of 84,775 and is or will be within the navigable waters of the State of New Jersey at some time during the pendency of this action.

9. Plaintiff was at all times herein a seaman within the meaning of the Jones Act and the General Maritime Law. As such, Plaintiff is entitled under the provisions of 28 U.S.C. §1916 to bring this Complaint without prepayment of court's filing fee or the posting of a bond.

10. At all times relevant, including the date of Plaintiff's accident on August 28, 2018, Plaintiff was employed by Defendants MAERSK LINE, LIMITED and MAERSK CHICAGO as an electrician aboard the Vessel. As such, Plaintiff had the legal status of a "seaman" within the meaning of the Jones Act (46 U.S.C. §30104) and under the General Maritime Law.

11. On August 28, 2018, and on several occasions thereafter, Plaintiff fell while descending a ladder, and traversing the deck of the vessel as a direct result of the negligence of the Defendants and the unseaworthiness of the Vessel.

12. As a result of the accident, Plaintiff was caused to sustained multiple injuries to his feet with residual bilateral foot pain and numbness.

### FIRST CLAIM FOR RELIEF
**(For Jones Act Negligence Against Defendants MAERSK LINE, LIMITED and MAERSK CHICAGO)**

13. Plaintiff refers to and by that reference incorporates as though fully set forth herein each and every allegation contained in paragraphs 1 through 12, above.

14. Defendants MAERSK LINE, LIMITED and MAERSK CHICAGO, owed Plaintiff a duty to use reasonable care in all aspects of the employment relationship between them and, among other things, to provide Plaintiff with a reasonably safe place to work.

15. Defendants MAERSK LINE, LIMITED and MAERSK CHICAGO, breached this duty of care in a number of ways, including, but not limited to, the following:

(a) failing to provide Plaintiff with a safe place to work;

(b) failing to properly maintain the vessel and its walking surfaces in a safe condition;

(c) failing to finish the decks and ladders with non-slip paint

(d) failing to remove oil or other foreign substances from its deck

(e) failing to perform appropriate job hazard analyses concerning the risk of injury as a result of tripping hazards on the stairways and passageways of the Vessel;

(f) failing to exercise ordinary care under the circumstances to have the vessel's training, equipment, work methods and work environments in such a condition that Plaintiff would be able to perform his required duties with reasonable safety; and

(g) not abiding by the safety laws, regulations, statutes and customs and practice necessary for safety at sea with regard to providing a safe work environment free from the risk of injury.

16. As a result of the aforesaid negligent acts and omissions, among others, Defendants MAERSK LINE, LIMITED and MAERSK CHICAGO, breached the duty of care they owed to Plaintiff.

17. As a legal result of such negligence on the part of Defendants MAERSK LINE, LIMITED and MAERSK CHICAGO, Plaintiff has sustained physical and emotional injuries.

18. As a further legal result of the negligence of Defendants MAERSK LINE, LIMITED and MAERSK CHICAGO, Plaintiff has sustained and will continue to sustain economic

damages, including without limitation, past and future medical expenses and past and future loss of earnings and benefits, all of which will be established at trial according to proof.

19. As a further legal result of the negligence of Defendants MAERSK LINE, LIMITED and MAERSK CHICAGO, Plaintiff has incurred and will in the future incur non-economic damages, including physical and emotional pain and suffering, all of which will be established at trial according to proof.

### SECOND CLAIM FOR RELIEF
(For Breach of the Warranty of Seaworthiness in Personam Against
Defendants MAERSK LINE, LIMITED and MAERSK CHICAGO,
and *In Rem*)

20. Plaintiff refers to and by that reference incorporates as though fully set forth herein each and every allegation contained in paragraphs 1 through 19, above.

21. At all times herein relevant, Plaintiff was acting in the service of Vessel performing duties of the type traditionally performed by a seaman and whose presence was necessary for the operation of the Vessel.

22. By the provisions of the General Maritime Law of the United States, Defendants MAERSK LINE, LIMITED and MAERSK CHICAGO, by and through their agents, employees and servants, warranted to Plaintiff that Vessel, and her decks, gear, passageways, equipment, appurtenances, tools, crew members, training, work methods and work environments were seaworthy and in compliance with applicable laws, statutes, standards and regulations enacted for the safety of the crew.

23. As alleged herein, the Vessel, her decks, lines, gear, passageways, equipment, appurtenances, tools, crew members, training, work methods and work environments were not seaworthy and were not in compliance with applicable laws, statutes, standards and regulations enacted for the safety of the crew. Defendants MAERSK LINE, LIMITED and MAERSK

CHICAGO, violated and breached the warranty of seaworthiness owed Plaintiff in the following respects, among others:

(a) failing to provide Plaintiff with a safe place to work;

(b) failing to properly maintain the vessel and its walking surfaces in a safe condition;

(c) failing to finish the decks and ladders with non-slip paint

(d) failing to remove oil or other foreign substances from its deck

(e) failing to perform appropriate job hazard analyses concerning the risk of injury as a result of tripping hazards on the stairways and passageways of the Vessel;

(f) failing to exercise ordinary care under the circumstances to have the vessel's training, equipment, work methods and work environments in such a condition that Plaintiff would be able to perform his required duties with reasonable safety; and

(g) not abiding by the safety laws, regulations, statutes and customs and practice necessary for safety at sea with regard to providing a safe work environment free from the risk of injury.

24. As a legal result of these breaches, Plaintiff sustained severe physical and emotional injuries.

25. As a further legal result of Defendants' breaches, Plaintiff has sustained and will continue to sustain economic damages, including without limitation, past and future medical expenses and past and future loss of earnings and benefits, all of which will be established at trial according to proof. As a further legal result of Defendants' breaches, Plaintiff has incurred and will in the future incur non-economic damages, including physical and emotional pain and suffering, all of which will be established at trial according to proof.

26. Plaintiff has and is asserting herein a maritime lien and an *in rem* claim against the Vessel for all of the above described economic and non-economic damages caused by her unseaworthiness.

### THIRD CLAIM FOR RELIEF
**(For Maintenance and Cure in Personam Against Defendants MAERSK LINE, LIMITED and MAERSK CHICAGO, and *In Rem*)**

27. Plaintiff refers to and by that reference incorporates as though fully set forth herein each and every allegation contained in paragraphs 1 through 26, above.

28. According to the General Maritime Law, when a seaman becomes ill or injured while in the service of a vessel, the employer is liable in personam and the Vessel itself is liable *in rem* to provide the seaman with all reasonable medical care ("cure") and pay to the seaman a reasonable rate of daily financial maintenance sufficient to cover his room and board ("maintenance") from the date of his illness or injury until he reaches "maximum cure."

29. The injuries suffered by Plaintiff as a result of the incident of August 28, 2018, occurred while Plaintiff was in the service of the Vessel. As such, Defendants MAERSK LINE, LIMITED and MAERSK CHICAGO, in personam and the Vessel *in rem* are legally required to furnish Plaintiff with all maintenance and cure to which he is entitled under the General Maritime Law for and during his curative treatments relating to these injuries as well as his unearned wages.

30. As of the date of filing this Complaint, Defendants have not paid maintenance to Plaintiff in respect of the injuries he suffered, and have provided him with medical care, or "cure." However, Plaintiff will be and is entitled to recover from Defendants any and all past maintenance and cure unpaid and due and owing at the time of trial.

31.     Defendants in willful and wanton disregard of its maintenance and cure obligations summarily discontinued making maintenance and cure payments.

32.     Plaintiff has and is asserting herein a maritime lien and an *in rem* claim against the Vessel for all unpaid maintenance and cure and for punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

1.     That process in due form of law, according to the practices of this Honorable Court in causes of admiralty and maritime jurisprudence, may issue against M/V MAERSK CHICAGO, her engines, tackle, apparel, appurtenances, etc., and that all persons having or claiming any interest therein be cited to appear and answer, under oath, all and singular, the matters alleged herein; that Plaintiff have a judgment for his damages aforesaid, with interest and costs; and that, if necessary, M/V MAERSK CHICAGO be arrested and sold to satisfy Plaintiff's judgment;

2.     That process in due form of law according to the practice of this Honorable Court issue against the in personam Defendants, citing them to appear and answer all and singular the matters aforesaid;

3.     That Plaintiff have judgment for his past and future economic damages in amounts according to proof at trial;

4.     That Plaintiff may have judgment for his past and future non-economic damages in amounts according to proof at trial;

5.     That Plaintiff be awarded prejudgment interest on the amounts of the damages awarded;

6.     That Plaintiff be awarded any maintenance and cure unpaid and owing at and through the time of trial in amounts necessary to make him whole according to proof together

punitive damages for Defendants' willful and wanton discountenance of its maintenance and cure obligations;

7. That Plaintiff recover the portion of his attorney's fees and legal costs that are directly attributable to litigating the issues concerning Plaintiff's right to cure and those that are "inextricably intertwined" with those issues;

8. For costs of suit herein; and

9. For such other and further relief as this Honorable Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a jury trial in accordance with Fed. R. Civ. P. 38 and the Seventh Amendment to the Constitution on any issue triable of right by a jury.

Dated: May 13, 2021

RHEINGOLD GIUFFRA RUFFO & PLOTKIN, LLP
Attorneys for Plaintiff

By: Thomas P. Giuffra (TPG 1274)